necessary. (2 Burr. 770, 771. Prec. Cha. 69.) And the intention of the testator must govern, if consistent with the rules of law. 2 Burr. 1106, 1113, 1114. See Doug. 264, (2d edit.) Goodright lessee of Docking et al. v. Dunham et al.

Judgment for the plaintiff.

---

Lessee of JOHN NICHOLSON <em>against</em> SAMUEL WALLACE.

[ S. C. 4 Dall. 154.]

If narr in ejectment is served within six months after the decision of a caveat though not entered on the docket, it will take it out of the 11th section of the act of 3d April 1792.

CERTIORARI to the Court of Common Pleas of Luzerne county, returnable September term 1797, on which a special return was made, viz. that the ejectment was entered in the Common Pleas' docket, on the 20th August 1796, by Mr. Catlyn, attorney for the plaintiff, the day after the court had risen, subject to all legal exceptions; and on the 19th April 1797, Mr. Daniel Smith, attorney for the defendant moved to strike the ejectment off the docket, as being illegally entered on the record. But that while the motion was pending, the *certiorari* had been put in, on which the court directed a special return to be made.

It was admitted on both sides, that this ejectment had been brought for lands within the new purchase, under the 11th section of the act passed 3d April 1792, (3 Dall. St. Laws. 213;) that the declaration had been served on the defendant in Philadelphia, by a special messenger, on the 10th August 1796; and that the court at Luzerne commenced on the 15th of the same month.

A motion was made on the behalf of the defendant to quash the *certiorari, quia improvide emanavit*, there being no cause in court. It was said, that the court was not in possession of the cause, until the return of the first writ. 6 Term Rep. 617. And where the plaintiff names a special agent or bailiff he cannot call on the sheriff to return the writ. 4 Term. Rep. 119. The legislature had enacted the law of 3d April 1792, on the great grounds of public safety and convenience. They had made the certificate of the prothonotary of the county, the proper evidence to determine whether the suit had been commenced within six months after the determination of the *caveat*, and as he could only certify from the records, without the power of compelling witnesses to appear before him, it was the duty of the party against whom there had been a determination of the Board of Property, to see that this ejectment was entered on the docket in

proper time. It was moreover alleged, that the declaration in ejectment was a mere nullity, the plaintiff having appeared by Jared Ingersoll his attorney, who had not been admitted in the Court of Common Pleas of Luzerne county, in that capacity.

For the plaintiff it was insisted, that an admission as an attorney in a superior court, entitled him to practice as such in an inferior court. But if the construction of the act of 22d May 1722, sect. 28, (1 Dall. St. Laws, 185,) had been different, the appearence of the plaintiff by Jared Ingersoll his attorney, was mere matter of form, and surplusage in a fictitious proceeding.

The decision of the Board of Property had been rendered on the 14th February 1796, and the declaration in ejectment had been served on the defendent personally in due time. The declaration is the only process in ejectment. 2 Seld. Pract. 164. And the object of the defendant was to preclude an inquiry into the title of 75,000 acres of land. The hardships of the act of 1792, were sufficiently great already, and the court would not increase them. Here the court had rose a day earlier than usual, and the agent had been prevented by unforeseen events from arriving at the county town before the 20th of August. If the sheriff had served the ejectment in his bailiwick, the court would have exercised a control over him to return it.

The court expressed a strong disapprobation of the strict rule contended for by the defendant's counsel. They said if the process in ejectment was served in due time, it would clearly be a suit commenced within the law, though not duly entered on record, through force, fraud or accident. This section of the law operates as a limitation act ; and it is settled that the true time of suing out the writ may be shown, whenever it is material, to a plea of the statute of limitations. 2 Burr. 968. 3 Burr. 1429.

At length the counsel came to a compromise, and agreed to try the merits of the ejectment at the next sittings for the county of Philadelphia.

And the motion was withdrawn.

Messrs. Ingersoll, and W. Tilghman, *pro quer.*
Messrs. Rawle, M. Levy and Duncan, *pro def.*